UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

DAWN CREECH, on her own behalf
and on behalf of those similarly
situated,

      Plaintiff,

CASE NO.:

vs.

HOLIDAY CVS, L.L.C., a Florida
limited liability company, CVS
CAREMARK CORPORATION, a
Delaware Corporation d/b/a CVS
PHARMACY, CVS PHARMACY,
INC., a Rhode Island Corporation
d/b/a CVS/PHARMACY, and XYZ
ENTITIES 1-1000, fictitious names of
unknown liable entities,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DAWN CREECH, on her own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., and their respective divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-1000 (CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS, L.L.C., and all such divisions, subsidiaries and affiliates, including but not limited to XYZ ENTITIES 1-1000, are to be referred to herein collectively as "CVS" or "Defendants"), and brings this action for unpaid overtime

1

compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every shift supervisor who worked for the Defendant **nationwide** at any time within the past three (3) years.

## II. PARTIES

3. Plaintiff worked as a shift supervisor of Defendants and performed related activities for Defendants in Livingston Parish, Louisiana.

4. Defendant, CVS CAREMARK CORPORATION, is a foreign corporation, incorporated in the state of Delaware, and authorized to do business in the state of Lousiana. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

5. Defendant, CVS PHARMACY, INC., is a foreign corporation, incorporated in the state of Rhode Island, and authorized to do business in the state of Louisiana. It serves customers nationwide, directly and through various divisions, subcsidiaries and affiliates, however constituted.

6. Defendant, HOLIDAY CVS, L.L.C., is a Florida limited liability company, and authorized to do business in the state of Louisiana. It serves customers in Louisiana and elsewhere, directly and through various divisions, subcsidiaries and affiliates, however constituted.

## III. JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337, by Title 29 U.S.C. §216(b) and the FLSA.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

9. At all material times during the last three years, Defendants were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

11. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. Defendants sold hundreds of retail products such as pharmaceutical items, toys, cleaning products, food and beverages that had previously moved through commerce.

## V. FACTUAL ALLEGATIONS

13. Defendants operate retail stores nationwide.

14. Plaintiff, DAWN CREECH, was employed by Defendant as a shift supervisor.

15. Plaintiff worked in this capacity from approximately January 2006 through September 2009 as a non-exempt shift supervisor.

16. She was responsible for various duties such as administrative reports, operating a cash register, ordering stock, stocking shelves, cleaning, etc.

17. Plaintiff was paid an hourly wage in exchange for work performed.

18. Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

19. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and those similarly situated to her overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

20. Defendants engaged in a systematic scheme that required Plaintiff to work off the clock hours for which she was not compensated.

21. Defendants have employed and are employing other individuals as shift supervisors who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff and the class members performed the same or similar job duties as one another in that they provided customer services for Defendants.

23. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were paid an hourly wage and were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

24. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that shift supervisors are paid for all overtime hours worked based on the Defendants' systematic scheme that required them to work off the clock hours.

25. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All shift supervisors who worked at Defendants' locations nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

26. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

27. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

29. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## VII. RELIEF SOUGHT

Wherefore, Plaintiff demands an Order awarding:

(a) payment of her and all class members overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1);

(b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) declaratory relief pursuant to the DJA and FLSA finding that shift supervisors who worked at Defendants' stores nationwide within the last three years were not paid overtime compensation at a rate of time-and-one-half for all hours worked as required by the Act:

(d) reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b);

Plaintiff also demands a trial by jury.

Respectfully submitted this 26th day of January, 2011.

Jason DeCuir, Esq.
LA Bar No.: 28015
DeCuir, Clark & Adams, L.L.P.
732 North Boulevard
Baton Rouge, Louisiana 70802
Telephone: (225) 346-8716
Facsimile: (225) 336-1950
E-mail: jason@decuirlaw.com