UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAWN CREECH, on her own behalf
and on behalf of those similarly situated

CIVIL ACTION

VERSUS

NO. 11-46-BAJ-DLD

HOLIDAY CVS, LLC, d/b/a CVS PHARMACY, ET AL

**RULING ON MOTION TO DISMISS**

This matter is before the Court pursuant to a Motion to Dismiss and a Motion to Strike, or in the alternative a Motion for a More Definite Statement filed on behalf of Defendants, Holiday CVS, LLC, d/b/a CVS Caremark Corporation, et al ("Defendants"). (doc. 13) Plaintiff, Dawn Creech ("Plaintiff"), opposes Defendant's motion. (doc. 16) Jurisdiction is based on 28 U.S.C. § 1331.

**BACKGROUND**

Defendants own and operate retail drug stores across the country. (doc. 1, ¶¶ 4–6) Plaintiff was employed as a shift supervisor for Defendants from January 2006 through September 2009. (doc. 1, ¶ 3) Plaintiff was paid by the hour and alleges Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), when they "failed to pay [her] and those similarly situated to her overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek." (doc. 1, ¶ 19) Plaintiff claims Defendants engaged in a systematic scheme that required her to perform uncompensated, off-the-clock hours of work. (doc.1, ¶ 20) Plaintiff also claims Defendants acted

1

willfully in failing to pay her in accordance with the FLSA and seeks to bring her suit as a Collective Action under the FLSA. Plaintiff seeks compensation for unpaid overtime, liquidated damages, reasonable attorney's fees and costs, declaratory relief, as well as other relief under the FLSA. (doc. 1, ¶ 1)

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Strike pursuant to Rule 12(f). In the alternative, Defendants moved for a more definite statement pursuant to Rule 12(e). (doc. 13) Plaintiff has filed an opposition to Defendant's motion. (doc. 16) The Court has issued a ruling as to portions of Defendants' motion, denying the motion to dismiss as to both Plaintiff's individual claim for overtime compensation and Plaintiff's joint employer allegations,[1] and granting the motion to strike Plaintiff's allegations of a willful violation of the FLSA. Thus, the only issue addressed in this ruling will be Defendant's motion to dismiss Plaintiff's Collective Action Allegations pursuant to Rule 12(b)(6).

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of persons who are "similarly situated" to the plaintiff, provided those persons who desire to become a party to the action file a written consent with the court. 29 U.S.C. § 216(b). Plaintiffs need only show their positions are similar, not

---

[1] This portion of Defendants' motion was denied without prejudice, permitting them to raise the issue at a later date.

identical. *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

In the instant case, Plaintiff asserts that she and the proposed class members are similarly situated because they "performed the same or similar job duties as one another in that they provided customer services for Defendants." (doc. 1, ¶ 22) Plaintiff also claims the proposed class members were subject to the same pay provisions as the Plaintiff, and that Defendants' failure to compensate employees for hours worked in excess of forty in a workweek resulted from Defendants' "systematic scheme" that required the Plaintiff and proposed class members to work off the clock hours. (doc. 1, ¶¶ 23–24) Plaintiff's proposed class members are defined as "All shift supervisors who worked at Defendants' locations nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek." (doc.1 ¶ 25)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3

face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## ANALYSIS

The issue presented by Defendants' motion is rather narrow—whether the Complaint contains sufficient facts such that it is plausible that Plaintiff and the proposed class members are "similarly situated" with respect to their job requirements and pay provisions. *See Hickson v. United States Postal Serv.,* 2010 WL 3835887 (E.D. Tex. 2010). Defendants argue Plaintiff's complaint does not allege sufficient facts to meet the plausibility standard established in *Iqbal* and *Twombly.* In support of their argument, Defendants' rely on several district court cases from both inside and outside this circuit. *See Pickering v. Lorillard Tobacco Co.,* 2011 WL 111730 (M.D. Ala. January 13, 2011); *Hodczak v.*

4

*Latrobe Specialty Steel Co.*, 2009 WL 911311 (W.D. Pa. Mar. 31, 2009); *Mell v. GNC Corp.*, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010). Plaintiff asserts her collective action allegations satisfy the plausibility requirement because it "explains that Defendants employ other shift supervisors who worked off the clock without being paid overtime compensation for all hours worked of forty."

There is no specific guidance from the Fifth Circuit Court of Appeals on this issue, and opinions from district courts both in this circuit and others are inconsistent, arriving at different conclusions as to a) whether certain job descriptions and factual allegations meet the plausibility standard as established in *Iqbal* and *Twombly*; and b) whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue. *See, e.g., Pickering*, 2011 WL 111730; *Bogdon v. Newmont USA Ltd.*, 2011 WL 6253151 (D. Nev. Dec. 2, 2011); *St. Croix v. Genentech, Inc.*, 2012 WL 2376668 (M.D. Fla. June 22, 2012); *Lagasse v. Flextronics America, LLC*, 2012 WL 2357442 (D. R.I. June 1, 2012); *Mell*, 2010 WL 4668966. Therefore, the Court must rely upon its own judicial experience and common sense in applying the law to this particular case.

This Court has previously denied Defendant's motion to dismiss Plaintiff's individual claim, but it's important to note that some cases distinguish between individual overtime claims and those brought on behalf of a putative class. *Mell*, 2010 WL 4668966, *6 (citing *Stark v. Audio Mktg. Solutions, Inc.*, 2010 WL

5

3789572 (D. Neb. Sept. 21, 2010); *Goal v. Retzer Res., Inc.*, 2009 WL 5174181 (E.D. Ark. Dec. 22, 2009)). The Court finds that the collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion. Although the Complaint provides certain details about the duties of the Plaintiff as a shift supervisor, it fails to provide any such description or details about the other proposed parties who are alleged to be "similarly situated." Plaintiff only claims the other class members performed the same or similar job duties in that they "provided customer services" for the Defendants. This is not descriptive enough to give rise to a plausible right to relief. Moreover, Plaintiff fails to allege sufficient facts to show that she and those "similarly situated" were subject to the same pay provisions. For instance, the Complaint does not indicate whether other class members are also wage-and-hour employees or are paid a salary. A mere allegation of a "systematic scheme" does not satisfy the plausibility standard required in order to survive a 12(b)(6) motion to dismiss. The Plaintiff does not allege any facts about what the "scheme" entails, but merely concludes at its existence. Thus, the Court grants Defendants motion to dismiss the collective action component of the Plaintiff's claim under the FLSA.

## RULING ON MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION

In light of the Court's ruling on the above motion, the Court hereby DENIES Plaintiff's Motion for Conditional Certification as moot.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint insofar as the Collective Action Allegations shall be GRANTED

Baton Rouge, Louisiana, September 26, 2012.

*[signature]*

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA