UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAWN CREECH, on her own behalf and on behalf of those similarly situated**

**VERSUS**

**HOLIDAY CVS, L.L.C, et al**

**CIVIL ACTION**

**NUMBER 11-46-BAJ-DLD**

## ORDER

This matter is before the court on a referral from the district court of plaintiffs' motion for sanctions. (rec.doc. 32)  The motion is opposed.

### *Background*

Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA") for recovery of overtime compensation, liquidated damages, and attorneys' fees and costs on behalf of every shift supervisor nationwide who worked for any of the defendants within the past three years.  (rec.doc. 1) Plaintiffs filed a motion to certify class (rec.doc. 23) and defendants filed a motion to dismiss and/or strike plaintiffs' complaint (13), and the court scheduled a hearing on both motions on September 18, 2012.  The motions currently are pending.

### *The Motion for Sanctions*

On January 23, 2012, plaintiffs noticed the Rule 30(b)(6) deposition *duces tecum* of defendants for February 6, 2012, in Baton Rouge, Louisiana, covering 23 topics.  (rec.doc. 32-3, pgs 2-5) On January 26, 2012, defendants responded via email, objecting to the unilaterally scheduled deposition, and advised that they "would not produce a corporate representative at this time and place."  Defendants stated that subjecting defendants to

deposition before a ruling is issued on the outstanding motions would cause defendants "to suffer undue burden and expense" as some of the topics could be "completely immaterial to the resolution of this case," depending on the outcome of the ruling. Defendants also objected to the unilateral selection of Baton Rouge, Louisiana, for the depositions, as the parties had discussed holding depositions in a mutually convenient location. (rec.doc. 35-2, pgs 2-3) On February 3, 2012, defendants served formal objections to the notice of Rule 30(b)(6) deposition, again stating that they would not be producing a corporate representative on February 6, 2012. Plaintiffs failed to respond to either of defendants' communications. On August 16, 2012, plaintiffs filed the instant motion, seeking sanctions in the form of their attorneys' fees and costs because plaintiffs appeared for the February 6, 2012, deposition.

### *Governing Law and Analysis*

At the outset, the court notes that there are many issues with plaintiffs' Rule 30(b)(6) notice of deposition *duces tecum*. First, the deposition was unilaterally noticed to occur in plaintiffs' counsel's office in Baton Rouge, Louisiana. While plaintiffs generally have to appear for deposition in the district where the suit was filed, defendants may have their depositions taken where they work or live.[1] In this case, defendants stated that the parties discussed holding depositions in mutually convenient locations, and plaintiffs do not dispute that Baton Rouge, Louisiana, was not a mutually convenient location. Thus, unless the parties agree to hold defendants' depositions in Baton Rouge, Louisiana, defendants are entitled to have their depositions taken where they are located.

---

[1] *See, e.g. Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011); *Rapoca Energy Company, L.P. v. Amci Export Corp.* 199 F.R.D. 191, 193 (W.D. Va. 2001).

Second, it is clear from the motion and response that the date of the deposition was not agreed upon by the parties; defendants lodged a formal objection to the deposition; and plaintiffs failed to respond to the objection until more than six months had passed.  Plaintiffs have offered no explanation for the delay in filing the motion for sanctions. Third, Rule 30(b)(6) requires that the notice describe with "reasonable particularity the matters for examination," and a review of the notice indicates that some of the topics are not described with any particularity, but instead are overbroad categories of information.

Third, while the deposition notice is styled as one for documents (*"duces tecum"*), plaintiffs fail to identify what documents, if any, were to be produced at the deposition. Rule 30(b)(2) requires that the materials designated for production must be listed in the notice or in an attachment, and plaintiffs failed to list the documents either in the notice or in an attachment.

Due to plaintiffs' failure to notice the Rule 30(b)(6) properly, the motion will be denied.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for sanctions (rec.doc. 32) is **DENIED.**

Signed in Baton Rouge, Louisiana, on October 25, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**